UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

IN RE:

Karla K. Kelly,

    Debtor

Chapter 7

Bankruptcy No. 22-00089

### RULING ON TRUSTEE'S OBJECTION TO EXEMPTION

This matter came before the Court by telephonic hearing. John Hofmeyer III appeared for the debtor, Karla K. Kelly ("Debtor"). Eric Lam appeared for the Chapter 7 trustee, Renee K. Hanrahan ("Trustee"). The Court heard argument and allowed for post-hearing briefing. All papers have been submitted and the matter is ready for decision. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### STATEMENT OF THE CASE

Debtor filed the underlying Chapter 7 petition on February 24, 2022. (Bankr. No. 22-00089). On May 24, 2022, Trustee filed an Objection to Debtor's Claim of Exemptions. (ECF Doc. 22). On June 3, 2022, Debtor resisted the Objection. (ECF Doc. 25). The dispute is about whether funds from the retirement account of a deceased spouse are exempt property when the surviving spouse rolls the funds over into her retirement accounts. At the hearing Debtor argued that Iowa law recognizes contributions by the non-working spouse to the couple's

retirement accounts based on the couple's joint efforts. Trustee argued that all the funds in the IRAs originally came from the Debtor's spouse or from Debtor's spouse's employer and thus are non-exempt under Iowa law. The Court rules in favor of Debtor under the Bankruptcy Code.

## STATEMENT OF THE FACTS

Debtor was married to Randy Kelly, who passed away in 2008. (ECF Doc. 28). After her husband's death, Debtor rolled over Randy Kelly's IRA to Debtor's IRAs. Id. All funds in the accounts were originally contributed by Randy Kelly or his employer. Id. Debtor has not contributed any money to the accounts. Id.

## DISCUSSION

Under the Bankruptcy Code, "an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection." 11 U.S.C. § 522(b)(1). Paragraph (2) entitles debtors to exempt from property of the estate "property that is specified under subsection (d), unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize." 11 U.S.C. § 522(b)(2). Under Iowa law, a debtor "is not entitled to elect to exempt from property of the bankruptcy estate the property that is specified in 11 U.S.C § 522(d) (1979)." Iowa Code § 627.10. Applicable state law therefore limits Debtor to the exemptions in paragraph (3). 11 U.S.C. § 522(b)(2). Paragraph (3) provides Debtor with three

2

categories of exempt property. 11 U.S.C. § 522(b)(3). The third category allows Debtor to claim as exempt all "retirement funds" in an IRA under subparagraph (C). Id.

There is a threshold question of what Debtor must do to avail herself of the subparagraph (C) exemption. On her Schedule C, Debtor indicated that she was claiming "state and federal nonbankruptcy exemptions" under section 522(b)(3). (ECF Doc. 1). She did not cite section 522(b)(3)(C) as a basis for exempting her IRAs, however, but instead cited Iowa Code section 627.6(8)(f). Id. Nevertheless, the Court will not limit its review to the specific law that Debtor cited, because Debtor complied with the statutory requirement: "The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section." 11 U.S.C. § 522(l). Debtor filed a list of property that she claimed as exempt, and it is within the Court's equitable power to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Here, the federal exemption in section 522(b)(3)(C) applies because the Iowa exemption statute is more restrictive than section 522(b)(3)(C). See In re Pacheco, 537 B.R. 935, 939 (Bankr. D. Ariz. 2015) ("Interestingly, § 522(b)(3)(C) appears in fact to be an explicit minimum for exemptions involving retirement funds. . . . [A] less liberal exemption will not apply."); see also In re Kara, 573 B.R. 696, 700 (Bankr.

3

W.D. Tex. 2017). The Pacheco court offers a helpful analysis of the federal exemption:

> The exemption under § 522(b)(3)(C) is available to all debtors regardless of whether the debtor's particular state has opted out of the federal exemption scheme of § 522(d). Several courts, including those within the Ninth Circuit, have recognized that debtors in opt-out states now have a choice when exempting retirement funds. See In re Hamlin, 465 B.R. 863, 870–71 (9th Cir. B.A.P. 2012) (stating that with the enactment of BAPCPA, debtors in opt-out states like Arizona are not limited to the state law IRA exemption but may, independent of such law, claim the exemption under 522(b)(3)(C)); In re Thiem, 443 B.R. 832, 836–37 (Bankr. D. Ariz. 2011) (recognizing that a debtor may elect the 522(b)(3)(C) exemption even if his or her state is an opt-out state, citing 4 Collier on Bankruptcy ¶ 522.10[09] at 522–90 (16th ed. 2010)); In re Trawick, 497 B.R. 572 (Bankr. C.D. Cal. 2013) (analyzing exemption in inherited IRA under both 522(b)(3)(C) and California state law); see also In re Kuchta, 434 B.R. 837 (Bankr. N.D. Ohio 2010) (allowing exemption in inherited IRA to be pled under either 522(b)(3)(C) or Ohio statute); 4 Collier on Bankruptcy ¶ 522.10[9] at 522–91 (16th ed. 2015) (stating that "[i]n addition to exemptions under the laws of the debtor's domicile, the debtor is entitled to exempt under section 522(b)(3)(C) retirement funds to the extent that those funds are in a fund or account that is exempt from taxation" under various I.R.C. sections).
>
> This conclusion is also supported by Congress's purpose in enacting § 522(b)(3)(C). The addition of 522(b)(3)(C) was intended to expand the protection granted to retirement plans in bankruptcy that may not have been already protected under state or federal law:
>
>> To expand the protection of certain tax-exempt retirement plans, Congress created as part of the 2005 Act a category of exemption rights that may be exercised by the debtor even if the debtor's state has opted out of the federal exemption scheme. In addition to exemptions under the laws of the debtor's domicile, the debtor is entitled to exempt under section 522(b)(3)(C) retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 357 or 501(a) of the Internal Revenue Code. . . . The 2005 Act also provides that

4

> retirement funds may be exempted under section 522(b)(3)(C) in the same manner that such funds are exempt under section 522(d)(12).
>
> 4 Colliers on Bankruptcy ¶ 522.10[9] at 522–91 (16th ed. 2015); see also H.R. Rep. No. 31, 109th Cong., 1st Sess., Pt. I, at 63–64 (2005). To ensure that the exemption would be available regardless of the state policy on retirement fund exemptions, Congress enacted identically worded provisions for debtors regardless of whether they chose the state's exemption scheme or the federal exemption scheme. Compare 11 U.S.C. § 522(b)(3)(C) with 11 U.S.C. § 522(d)(12).

In re Pacheco, 537 B.R. at 938–39.

The issue, then, is whether the funds in Debtor's IRAs qualify as "retirement funds" for purposes of section 522(b)(3)(C). They do. The U.S. Supreme Court held that **inherited** IRAs do not qualify for the section 522(b)(3)(C) exemption. Clark v. Rameker, 573 U.S. 122, 128–29 (2014). That opinion makes clear that a surviving spouse faces a choice between (1) "rolling over" her late spouse's IRA subject to the tax and bankruptcy rules for traditional and Roth IRAs, or (2) keeping her late spouse's IRA as an inherited IRA subject to the different tax and bankruptcy rules for inherited IRAs. Id. at 125. Here, Debtor rolled over the funds from her late husband's IRA into the IRAs for which she has claimed exemption. (ECF Doc. 28). Unlike an inherited IRA, Debtor's IRAs are retirement accounts in her hands. The funds in those accounts are subject to the same tax and bankruptcy rules as would apply to funds that Debtor had contributed herself. Debtor therefore properly claimed exemption of the funds in her IRAs.

5

## CONCLUSION

Trustee's Objection to Exemption is OVERRULED.

Ordered: April 11, 2023

Thad J. Collins
Chief Bankruptcy Judge